**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1854

FIRST CENTRUM CORPORATION; FIRST CENTRUM OF
VIRGINIA, INCORPORATED; FOREST HILL APARTMENTS
LIMITED PARTNERSHIP, a/k/a The Arbors, a/k/a
Forest Hill Apts LP,

                                  Plaintiffs - Appellants,

          versus

LANDMARK AMERICAN INSURANCE COMPANY; ACORDIA
OF ILLINOIS, INCORPORATED, d/b/a Acordia,
Incorporated, d/b/a Acordia Corporation
Service Company; EDWARD GOESEL; LIMIT
UNDERWRITING LIMITED,

                                  Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:05-cv-00152-HEH)

Argued:  May 23, 2007              Decided:  June 20, 2007

Before WILKINSON and SHEDD, Circuit Judges, and Frank D. WHITNEY,
United States District Judge for the Western District of North
Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Glenn Hugh Silver, SILVER & BROWN, Fairfax, Virginia, for
Appellants.  Paul L. Fields, Jr., FIELDS, HOWELL, ATHANS &
MCLAUGHLIN, L.L.P., Atlanta, Georgia; Barbara I. Michaelides,

CLAUSEN & MILLER, P.C., Chicago, Illinois, for Appellees. **ON BRIEF:** C. Thomas Brown, SILVER & BROWN, Fairfax, Virginia, for Appellants. Andrew Jacobson, CLAUSEN & MILLER, P.C., New York, New York, Robert Tayloe Ross, Robert S. Reverski, MIDKIFF, MUNCIE & ROSS, P.C., Richmond, Virginia, for Appellee Landmark American Insurance Company; Matthew Lee, HUDGINS LAW FIRM, Alexandria, Virginia, Terry R. Howell, Jonathan D. Kramer, FIELDS, HOWELL, ATHANS & MCLAUGHLIN, L.L.P., Atlanta, Georgia, for Appellee Limit Underwriting Limited.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This dispute involves the scope of coverage of insurance policies issued by a primary insurer and an excess insurer for various properties owned by First Centrum Corp. First Centrum claims that the insurers owe additional payments for a fire at a covered property under the policies' Ordinance or Law provision. Because it is clear that the policies are scheduled policies and that the Ordinance or Law coverage is a sub-limit to the primary limit, we affirm the district court's grant of summary judgment to the insurers.

I.

Plaintiffs First Centrum Corp. and its subsidiaries First Centrum of Virginia, Inc., and Forest Hill Limited Partnership (collectively "First Centrum") obtained 2004 insurance coverage for over 150 properties from primary insurer Limit Underwriting Ltd. ("Limit") and excess insurer Landmark American Insurance Co. ("Landmark"). The policies renewed coverage provided by other carriers in 2003. On January 6, 2004, one of the insured properties, a Richmond, Virginia apartment complex known as The Arbors, was destroyed by fire. At that time, binders had issued for the 2004 coverage, but the policies themselves had not. The parties agree that the binders provided coverage pending the issuance of the policies and that, because the 2004 policies were

3

renewals, terms not set forth in the binders may be inferred from the 2003 policies. The 2003 policies provided a $3,421,000 scheduled limit for the Arbors property and per-occurrence primary insurer's limit of $2.5 million. For the Arbors fire, Limit paid First Centrum $2.5 million, and excess insurer Landmark paid $916,000 -- e.g., the amount remaining on the Arbors' $3,421,000 scheduled limit after Limit's payment, minus a $5,000 deductible.

First Centrum initiated this diversity action for breach of contract and declaratory judgment as to the terms of the policies.[1] First Centrum claims that the insurers owe additional payments under the primary policy's "Ordinance or Law" coverage, which, in the event of direct physical damage to an insured building, provides $2.5 million for undamaged portions that an ordinance or law requires to be demolished. First Centrum contends that the Ordinance or Law coverage constitutes $2.5 million of additional coverage, while the insurers argue that it is a sub-limit of the primary insurance limit. The district court granted summary judgment to the insurers.[2] We now affirm.

[1]The parties filed some motions with respect to jurisdiction. We have reviewed the submissions and are satisfied that jurisdiction exists.

[2]This suit also included two defendants not involved in this appeal: the insurance broker Acordia of Illinois, Inc. ("Acordia") and Edward Goesel, a Vice President of Acordia. Acordia worked with plaintiffs to find 2004 insurance coverage. As an alternative to the claims presented here, First Centrum sued Acordia and Goesel for breach of contract, negligence, and misrepresentation. Because a judgment against Limit and Landmark would obviate the claims against Acordia and Goesel, the district court certified the grant

II.

First Centrum's numerous claims boil down to one central assertion: that the Ordinance or Law coverage was an additional amount of insurance on top of the primary insurance limit. This contention rests primarily on language added to the Ordinance or Law endorsement of the 2003 primary policy, which states, "These [Ordinance or Law] sub-limits are included in the overall limit of liability and are not an additional amount of insurance." First Centrum argues that this reference to the "overall" liability limit means that the Ordinance or Law coverage is a sub-limit not of the limit per occurrence for a given property, but of the total insured value of all the insured properties, which for the 2003 policy was $356,126,250.

Contrary to this contention, the unambiguous language of the policy establishes that the Ordinance or Law limit is a sub-limit of the occurrence liability limit provided by the primary policy, not the total policy value. The 2003 policy states that the Ordinance or Law coverage is a "sub-limit[]"; the 2004 Limit binder similarly designates coverage of "$2,500,000 per occurrence/Building Ordinance or Law" as a "sub-limit." As is typical of sub-limits, the Ordinance or Law sub-limit did <u>not</u> increase the primary insurance limit. As stated by the very

_____

of summary judgment to Limit and Landmark pursuant to Fed. R. Civ. P. 54(b). The claims against Acordia and Goesel are still pending.

5

language upon which First Centrum relies, the Ordinance or Law coverage is "<u>not</u> an additional amount of insurance." Yet plaintiff argues that the endorsement actually doubles the amount of insurance available from the primary insurer per occurrence. We decline to adopt an interpretation so at odds with the clear intent of the contract: to provide Ordinance or Law coverage as a sub-limit to the primary limit, "not an additional amount of insurance."

Moreover, the logical consequence of plaintiff's argument is to undermine the entire nature of the policies. As the district court noted, by claiming the Ordinance or Law coverage was a sub-limit of the overall policy value of $356,126,250, First Centrum essentially argues that the endorsement language "transformed the policy from a scheduled policy to a blanket policy." J.A. 2873. As opposed to a scheduled policy, which states coverage limits for each insured property, a policy that "allocates an overall limit to the policy" is by definition a blanket policy. <u>Monumental Paving & Excavating, Inc. v. Pa. Mfrs. Ass'n Ins. Co.</u>, 176 F.3d 794, 798 (4th Cir. 1999). It is clear, however, that the policies in question are scheduled, not blanket, policies. The 2003 primary policy states that it provided coverage on a "per occurrence, scheduled limits" basis, while the 2004 binders state that they are "per occurrence/scheduled limits (NOT BLANKET)." The policies included voluminous Limit Schedules setting forth the liability

6

limit for each property.  Thus plaintiff's reading of the contracts is contravened by their very language and architecture.  It is, as the district court stated, simply an "attempt to obfuscate the clear language of the agreement."  J.A. 2873.

As to plaintiff's remaining contentions, we find them to lack merit.  The insurers met the Arbors' scheduled limit of $3,421,000, with Limit as primary insurer paying its per occurrence limit of $2.5 million and Landmark as excess insurer covering the balance minus a contracted deductible.  By doing so, the insurers satisfied their liability under the policies.

The judgment of the district court is hereby

AFFIRMED.